No. 5853.

# JUNIUS GARLICK vs. WILLIAMS MEDICAL INSTI-STUTE, ET AL.

## Syllabus.

1. A judgment which is not final cannot form the basis of a plea of *res judicata.*

2. An injunction against an execution, on the ground of payment since judgment, issues *of right* under *C. P.*, 298.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 91,041. Hon. T. C. W. Ellis, Judge.

Jas. McConnell, Jr., for plaintiff and appellant.

H. W. Robinson, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

In the matter entitled **Garlick vs. Williams Medical Institute, et al.**, No. 5788 of our docket, this Court by its decree of May 19th, 1913, reversed and set aside a judgment dissolving on rule an injunction secured by Williams, the appellant, restraining the execution of a judgment which Garlick had obtained against him; and the cause was remanded to the Court a qua for further proceedings.

But pending the appeal in said cause, and not withstanding same, Garlick proceeded with his execution, and was about to sell the property seized, when Williams applied to the trial Judge for a second injunction to restrain the execution.

A temporary restraining order issued, but when the rule to show cause why the injunction should not issue was heard and submitted below, the temporary restraining order was recalled and set aside and the injunction

— 275 —

denied. It is from this judgment that Williams presently appeals.

On the hearing of the rule **ni si,** Garlick interposed the plea of **res judicata,** that is pleaded in bar to the application for the second injunction, the judgment dissolving the first injunction.

It is clear that the plea is not good, for not only was the judgment pleaded in bar **not final,** but it has since been reversed as aforesaid.

Whether or not the pendency of the first proceeding might furnish valid ground for some other exception is a matter not presented, for none other has been pleaded. Nor is it necessary to express any opinion on the right of the appellee to renew the plea at some other time.

Not only is the plea of **res judicata** not well founded, but we are of opinion that the petition for the second injunction set forth at least one ground which required that the injunction should issue as **of right,** that is the ground of alleged payment since judgment. **C. P., 298.**

Nor is there any merit in Garlick's contention that payment has not been alleged with sufficient certainty. The petition affirmatively declares that a third person agreed with petitioner to pay and has in fact paid the judgment to his full discharge and acquittance, and sets forth in detail the facts and circumstances upon which these allegations are based. Such is all that is required and the trial Judge should have issued the injunction upon Williams furnishing bond as the law requires in such cases.

It is therefore ordered and decreed that the judgment appealed from be reversed and set aside and that the cause be remanded to the Court a qua with directions to the trial Judge to grant the preliminary injunction as prayed for, and fix the amount of the bond to be furnished by the petitioner, and for such other and further proceedings according to law as the nature of the case may

require; the appellee to pay the costs of appeal and the costs of the lower Court to await the final determination of the cause.

Godchaux, J., takes no part.

Opinion and decree, June 2nd, 1913.